## KASS v. MAISEL et al.

(Supreme Court, Appellate Term, First Department.   October 25, 1915.)

**1.** USURY ⬤⟳85—DEFENSE—PERSONS AFFECTED.

In an action on a note, where the defense was usury, it was contended that plaintiff had discounted the notes for the original lender with knowledge that a usurious rate of interest had been charged. *Held* that, as the notes did not bear the original lender's name as payee, the fact that he had not indorsed them would not deprive defendants of the benefit of that defense.

[Ed. Note.—For other cases, see Usury, Cent. Dig. § 168; Dec. Dig. ⬤⟳85.]

**2.** BILLS AND NOTES ⬤⟳335—ACTIONS—USURY.

Acquisition of a note with knowledge of the original usury is a complete defense to an action by the holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 817; Dec. Dig. ⬤⟳335.]

Appeal from City Court of New York, Trial Term.

Action by Abraham L. Kass against Ray Maisel and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Jacob Manheim, of New York City, for appellants.

Feltenstein & Rosenstein, of New York City (Abraham Rosenstein, of New York City, of counsel), for respondent.

BIJUR, J.   This case involved a question of usury, and the issue that should have been submitted to the jury was whether the plaintiff was the original lender upon the notes involved, or whether he rediscounted them for one Wlodaver, who was the original lender, with knowledge that Wlodaver had charged a usurious rate of interest.

[1] The learned judge below directed a verdict on the theory, as stated by him, "that the only way (namely, the defense that plaintiff rediscounted the notes) that could be sustained would be by having Wlodaver indorse the notes." It is quite evident, however, that in the case at bar, the notes never having borne Wlodaver's name as payee originally or otherwise, there seems to be no reason why he should have indorsed the notes. Moreover, the mere fact that Wlodaver may not have delivered the notes to plaintiff in perfectly regular form would not, as between plaintiff and Wlodaver, have affected the actual nature of the transaction between them.

[2] There being ample testimony in the record from which the jury might have inferred that the notes were actually rediscounted by Wlodaver with plaintiff's knowledge of their usurious character, and it being conceded that that fact, if found, would constitute a complete defense (Schlesinger v. Lehmaier, 191 N. Y. 69, 83 N. E. 657, 16 L. R. A. [N. S.] 626, 123 Am. St. Rep. 591), the judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes